## RIDDER v. SIMMONS. (No. 7018.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1923. Rehearing Denied Dec. 5, 1923.)

**1. Pleading �köⁿ 248(4)—Amended petition, pleading agreement to pay customary commission, held not departure from original petition setting up express contract.**

If one agreed to pay the customary commission, which was 5 per cent. of the amount for which the land was sold, it was just as much an express contract as though he had in terms contracted to pay 5 per cent. outright, and the pleading of such contract in an amended petition did not change the cause of action from one on an express contract, as set forth in original petition, to one on an implied contract.

**2. Brokers ⊫56(2)—Tenant held under no extraordinary duty to inform landlord of procuring purchaser.**

In an action to recover commissions, where the evidence showed that plaintiff, a tenant of defendant, sent a purchaser to defendant under his contract with him, the fact of his tenancy did not place him under any extraordinary duty of informing defendant that he had procured a purchaser.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by L. S. Simmons against L. F. Ridder. From a judgment for plaintiff, defendant appeals. Affirmed.

Russell & Woodhull and Robert H. Wallace, all of San Antonio, for appellant.

W. R. Parker, of San Antonio, for appellee.

FLY, C, J. Appellee sued to recover commissions, amounting to $790, for being the efficient and procuring cause in finding a purchaser for a certain tract of 210 acres of land in Bexar county. A trial before the court, without a jury, resulted in a judgment in favor of appellee for $775.

The cause was, tried on the third amended petition. In the original petition, as well as in the three amended petitions, an express

contract to pay appellee for procuring a purchaser was alleged. It is true that in the original petition it was alleged that appellant agreed to pay appellee "the usual and customary commission therefor, which is 5 per cent.," and the same allegation was made in substance, in the first amended petition. In the second amended petition it was alleged that appellant agreed to pay appellee "a commission of 5 per cent. on the sales price of said land," and then, in the alternative, that appellant agreed to pay "the usual and customary commission for the sale of land, which was 5 per cent. of the sales price." Substantially the same allegations were made in the third amended petition.

[1] Each of the petitions declared an express contract to pay 5 per cent. commission. If appellant agreed to pay the customary commission, which was 5 per cent. of the amount for which the land was sold, it was just as much an express contract as though he had in terms contracted to pay 5 per cent. outright. The nature of the contract was fixed by the express contract to pay for the services, and its nature was the same, although the amount to be paid had not been named and fixed. It would have been an implied contract to pay if appellee had procured a purchaser, and appellant had availed himself of such purchaser and sold to him. There was no change in the character of the suit; it was on an express contract to pay commissions. The fifth, sixth, and seventh propositions are untenable, and are not sustained.

[2] The evidence shows that appellee sent the purchaser to appellant under his contract with him, and the fact of his tenancy did not place appellee under any extraordinary or peculiar duty of informing his landlord that he had procured a purchaser.

The judgment is affirmed.